# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| WILLIAM CULLEN | : | Civil Action No. 1:18-cv-01548-JBS-KMW |
| Plaintiff(s) | : | Hon. Magistrate Karen M. Williams |
| | : | |
| v. | : | **JOINT PROPOSED DISCOVERY PLAN**[1] |
| | : | |
| WELLS FARGO BANK, N.A. d/b/a | : | |
| WELLS FARGO DEALER SERVICES | : | |
| Defendant(s) | : | |

1. Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.
   Octavio "Tav" Gomez, Esq. - Counsel for Plaintiff and Martin C. Bryce, Esq. - Counsel for Defendant

2. Set forth a brief description of the case, including the causes of action and defenses asserted. Plaintiff alleges violation of the Federal Telephone Consumer Protection Act. The issues in this case include the number and content of calls and other communications between the parties, the nature and technical functioning of the dialing system allegedly utilized by the Defendant, the consent and revocation of consent by the Plaintiff, and the willfulness of the actions of Defendant Wells Fargo denies that it violated the TCPA or any other law.

3. Have settlement discussions taken place? Yes _____ No ____**X**_____

   (a) What was plaintiff's last demand?

      (1) Monetary demand: $ _500,000___
      (2) Non-monetary demand: _____

   (b) What was defendant's last offer?

      (1) Monetary offer: $ _____
      (2) Non-monetary offer: _____

4. The parties [have ____**X**____ have not _____] met pursuant to Fed. R. Civ. P. 26(f):

1

5.   The parties [have _____ have not __**X**__ ] exchanged the information required by Fed. R. Civ. P. 26(a)(1).  If not, state the reason therefor.

6.   Explain any problems in connection with completing the disclosures required by Fed R. Civ. P. 26(a)(1)   None

7.   The parties [have _____ have not __**X**__ ] conducted discovery other than the above disclosures.  If so, describe.

8.   Proposed joint discovery plan:

   (a)   Discovery is needed on the following subjects:   Depositions, Interrogatories, Document Requests, Requests to Admit and Supplementation of Discovery.

   (b)   Discovery [should _____ should not __**X**__ ] be conducted in phases or be limited to particular issues.  Explain.

   (c)   Proposed schedule:

      (1) Fed. R. Civ. P. 26 Disclosures   April 5, 2018 .

      (2) E-Discovery conference pursuant to L. Civ. R. 26.1(d)   March 22, 2018 .

      (3) Service of initial written discovery   March 22, 2018 .

      (4) Maximum of  25  Interrogatories by each party to each other party.

      (5) Maximum of  10  depositions to be taken by each party.

      (6) Motions to amend or to add parties to be filed by   Aug. 22, 2018 .

      (7) Factual discovery to be completed by   Oct. 5, 2018 .

      (8) Plaintiff's expert report due on   Aug. 22, 2018 .

      (9) Defendant's expert report due on   Sept. 21, 2018 .

      (10) Expert depositions to be completed by   Sept. 28, 2018 .

      (11) Dispositive motions to be served within   30  days of completion of discovery.

   (d)   Set forth any special discovery mechanism or procedure requested.
         None

2

    (e)    A pretrial conference may take place on _____TBD_____.

    (f)    Trial date: __March 2019_____ ( **X** ___Jury Trial; _____ Non-Jury Trial).

9.    Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc)? Yes _____No__**X**___. If so, please explain.

10.    Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced? Yes _____ No ___**X**___.

    If so, how will electronic discovery or data be disclosed or produced? Describe any agreements reached by the parties regarding same, including costs of discovery, production, related software, licensing agreements, etc.

11.    Do you anticipate entry of a Discovery Confidentiality Order? See L.Civ.R. 5.3(b) and Appendix S.

12.    Do you anticipate any discovery problem(s) not listed above? Describe. Yes _____ No ___**X**___.

13.    State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.).   None

14.    Is this case appropriate for bifurcation? Yes _____ No ___**X**_____

15.    An interim status/settlement conference (with clients in attendance), should be held in _____August 2018_____.

16.    We [do _____ do not ___**X**_____] consent to the trial being conducted by a Magistrate Judge.

17.    Identify any other issues to address at the Rule 16 Scheduling Conference.   The parties agree to complete mediation by October 19, 2018

_/s/ Octavio "Tav" Gomez, Esq._____
Attorney(s) for Plaintiff(s) / Date

_/s/ Martin C. Bryce, Esq._____
Attorney(s) for Defendant(s) / Date